IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG MOSS, | : | 1:18-cv-2122 |
| | : | |
| Plaintiff, | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| OFFICER ANDREW MILLER, *et al.*, | : | |
| | : | Hon. William I. Arbuckle III |
| | : | |
| Defendants. | : | |

## ORDER

## July 22, 2019

**AND NOW**, upon consideration of the Report and Recommendation (Doc. 82) of United States Magistrate Judge William I. Arbuckle III recommending that the amended complaint (Doc. 28) in this matter be dismissed[1], and noting that

---

[1] The claims set forth in Plaintiff's amended complaint largely arise out of events surrounding his arrest and later incarceration until trial on charges brought against him in York County, and are subject to dismissal for a variety of reasons. First, pursuant to *Heck v. Humphrey*, which disallows certain civil rights and torts claims unless and until the underlying criminal case is resolved in a fashion favorable to the plaintiff, Plaintiff's claims must be dismissed because he has not alleged that the underlying criminal charges against him were overturned. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Second, the false imprisonment and malicious prosecution claims fail because both claims require a lack of probable cause as an element, which, in this case, can be assumed by the validity of Plaintiff's conviction. *See Wright v. City of Philadelphia*, 409 F.3d 595, 602 (3d Cir. 2005). Third, the abuse of process claim is time-barred by Pennsylvania's statute of limitations. *Martucci v. Milford Borough*, No. 3:17-1671, 2018 U.S. Dist. LEXIS 20907 at *22-28 (M.D. Pa. 2018); *see Rose v. Bartle*, 871 F.2d 331, 350 (3d Cir. 1989). Fourth, the claims against the Commonwealth Defendants fail because Plaintiff fails to allege their involvement in the alleged wrongdoing. *See Evancho v. Fisher*, 423 F.3d (3d Cir. 2005). Additionally, state employees, acting in their official capacity, are protected under the doctrine of sovereign immunity. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). Finally, the claims against the County Defendants must also fail due to Plaintiff's failure to

neither party has filed objections[2] to the report and that there is no clear error on the record, *see Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of de novo review at the district court level") and the court finding Judge Arbuckle's analysis to be thorough, well-reasoned, and fully supported by the record **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Doc. 82) of Magistrate Judge Arbuckle is **ADOPTED** in its entirety.

2. Officer Miller's Motion to Dismiss (Doc. 34) is **GRANTED**.

3. Commonwealth Defendants' Motion to Dismiss (Doc. 59) is **GRANTED**.

---

allege their personal involvement. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *see also Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015).

[2] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); *Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The Court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

4. County Defendants' Motion to Dismiss (Doc. 64) is **GRANTED**.

5. The amended complaint (Doc. 28) is **DISMISSED WITH PREJUDICE**.

6. The Motion to Stay Proceedings (Doc. 4), the Motion for Preliminary Injunction (Doc. 21), the Motion to Stay Discovery (Doc. 37), the Motion to Stay (Doc. 69), the Motion for Temporary Restraining Order (Doc. 74), and the additional Motion to Dismiss (Doc. 79) are **DISMISSED AS MOOT**.

7. The Clerk of the Court is directed to **CLOSE** the file on this case.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge