IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG MOSS, | : | 1:18-cv-2122 |
| | : | |
| Plaintiff, | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| OFFICER ANDREW MILLER, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**January 13, 2021**

The Court previously granted the *pro se* Plaintiff an opportunity to file belated objections to the Magistrate Judge's Report and Recommendation in view of the Plaintiff's letters to the Court wherein he advised that he had not received a copy Magistrate Judge's Report and Recommendation in this matter and therefore had missed the window to lodge objections. (Doc.88). The Court has now received Plaintiff's *nun pro tunc* objections (Doc. 89) and the Defendants' responses thereto. (Docs. 90-92). Thus this matter is ripe for our consideration.

A review of the Plaintiff's belated objections gives us no reason to alter our previous adoption of the Magistrate Judge's Report and Recommendation and our dismissal of this case. Plaintiff raises no new arguments or facts, but rather expresses his disagreement with the Magistrate Judge's reasoning. Plaintiff further argues that since the Magistrate Judge ordered the service of his amended

complaint, the Magistrate Judge was essentially estopped from later dismissing the case for failure to state a claim.  This is incorrect.  While the Magistrate Judge may have found that the complaint passed muster under the dictates of 28 U.S.C. § 1915(e) so that he granted Plaintiff *in forma pauperis* status and ordered service, that does not prevent the Magistrate Judge from reexamining the vitality of the complaint when tested by a Fed. R. Civ. P. 12(b)(6) motion.  That is precisely what occurred here.

      Accordingly, and for the reasons stated by Magistrate Judge Arbuckle in his comprehensive Report and Recommendation (Doc. 82) and further explained within our July 22, 2019 Order dismissing the case (Doc. 84), we shall overrule the Plaintiff's belated objections.  Our decision of July 22, 2019 remains unaltered.

      A separate Order shall follow.